IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KHAI NGUYEN, | ) |
|            Petitioner, | ) |
| v. | ) Case No. CIV-25-01204-JD |
| PAMELA BONDI, et al., | ) |
|            Respondents. | ) |

## ORDER

Before the Court is Respondents' *Emergency* Application for Authorization to Transfer Petitioner ("Motion") [Doc. No. 28]. Respondents seek an Order authorizing the transfer of Petitioner Khai Nguyen outside the territorial jurisdiction of the Western District of Oklahoma under Federal Rule of Appellate Procedure 23 to effectuate Mr. Nguyen's removal from the United States. Motion at 1, 3. Mr. Nguyen has filed a response in opposition ("Response") [Doc. No. 30], along with a sealed exhibit [Doc. No. 31], which includes redacted deportation officer affidavits in other cases. For the reasons stated below, the Court grants the Motion.

I.   **BACKGROUND**

Mr. Nguyen is a citizen of Vietnam who was ordered removed from the United States on March 3, 1998, following his November 1997 conviction for sexual assault of a child. Pet. ¶ 2 [Doc. No. 1]; *see also* [Doc. No. 14 at 8; Doc. No. 14-2 at 1, 3–4].[1] Mr.

---

[1] The Court uses CM/ECF page numbering from the top of district court docket filings in this order.

Nguyen did not appeal his order of removal, rendering it final on April 2, 1998, or alternatively, on March 3, 1998, if he waived the appeal. Pet. ¶ 2. Following a period in U.S. Immigration and Customs Enforcement ("ICE") detention, he was released on an Order of Supervision ("OOS") in approximately 2001. *Id.* ¶ 3. Under the OOS, Mr. Nguyen was required to complete regular check-ins with ICE. *Id.* ¶ 5.

Mr. Nguyen was later indicted by a Dallas County grand jury with charges. [Doc. No. 14 at 8; Doc. No. 14-4 at 1, 8]. He pled guilty to third-degree felonies of indecency to a child younger than 17 years of age and failure to register as a sex offender, and on February 23, 2006, he was sentenced to a five-year term of incarceration in the Texas Department of Criminal Justice ("TDCJ"). [Doc. No. 14 at 8–9; Doc. No. 14-4 at 2, 5].

On July 31, 2009, Mr. Nguyen was released from TDCJ and entered ICE custody. [Doc. No. 14 at 9]. On November 19, 2009, he was released on an OOS. *Id.*; *see also* [Doc. No. 14-1 ¶ 5]. On August 26, 2025, officers with ICE Enforcement and Removal Operations ("ERO") arrested and detained Mr. Nguyen at the Dallas ERO Office during his regular check-in. *See* Pet. ¶ 6; *see also* [Doc. No. 14-1 ¶ 6]. Mr. Nguyen has been detained since that time and is currently housed at the Diamondback Correctional Facility in Watonga, Oklahoma. *See* Motion at 2 & n.1.

On October 12, 2025, Mr. Nguyen filed a petition for habeas corpus under 28 U.S.C. § 2241, challenging his detention by immigration officials and seeking immediate release. Pet. ¶¶ 20, 77, 83. On December 31, 2025, the Court dismissed without prejudice to refiling Mr. Nguyen's petition as premature under 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001). [Doc. Nos. 20, 21].

Mr. Nguyen timely appealed. [Doc. Nos. 22–23]. His appeal is pending before the Tenth Circuit. *See Nguyen v. Bondi*, No. 26-6004 (10th Cir.). Additionally, he moved under Federal Rule of Appellate Procedure 23(b) for an order of release pending appellate review of the Court's decision. *See id.* at [Doc. No. 9]. The Tenth Circuit denied the motion concluding that Mr. Nguyen "has not shown his entitlement to release pending appeal." *Id.* at [Doc. No. 14]. Mr. Nguyen's appeal remains pending with Respondents' response brief due April 3.

On March 5, 2026, Respondents filed the instant Motion seeking expedited consideration. Motion at 9. They assert that "[n]otwithstanding the pending appeal, this Court retains authority over Mr. Nguyen's physical custody." *Id.* at 3. Respondents assert that the U.S. Department of Homeland Security ("DHS") and ICE have scheduled a removal flight in mid-March 2026 to Vietnam, Mr. Nguyen's nation of origin, and that a seat is reserved for Mr. Nguyen on the flight manifest. *Id.* at 3, 9. They contend that if the Court grants the Motion, DHS and ICE will transfer Mr. Nguyen from this district to a detention facility in Texas and then to a staging facility in Texas to effectuate Mr. Nguyen's removal to Vietnam. *Id.* at 3. Respondents further assert that transfer outside the district will not require substitution of the federal Respondents. *Id.* at 8.

In his Response filed on March 6, 2026, Mr. Nguyen asserts that Respondents have not provided any evidence to support their Motion because they do not attach a copy of the flight manifest, a travel document or passport, or an affidavit or declaration from a deportation officer to support the unsworn statements of counsel. Response at 1–2. Mr. Nguyen attaches to his Response a collection of deportation officer affidavits from other

3

cases to support his contention "that Vietnam requires travel documents for deportation." *Id.* at 2; *see also* [Doc. Nos. 30-1 and 31]. Alternatively, he asks the Court to deny the Motion under the "Unclean Hands Doctrine," asserting that Respondents violated their own regulations by detaining him. Response at 2–5. Mr. Nguyen "readily acknowledges that this Court determined that regulatory violations do not constitute grounds for immediate release," but he contends now that his request "is less than immediate release."[2] *Id.* at 5. Finally, Mr. Nguyen requests that the Court certify the issue to the Tenth Circuit under 28 U.S.C. § 1292(b), contending in his Response and proposed order that if he is removed from the territorial jurisdiction of this district, his efforts to obtain habeas relief are likely to be frustrated by that removal and "will likely lead to the pending appeal mooting out, even if the deportation occurs illegally so long as Respondents at least comply with Fed. R. App. P. 23(a)." *Id.* at 5–7.

## II.    ANALYSIS

Federal Rule of Appellate Procedure 23(a) states as follows:

> Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party.

Fed. R. App. P. 23(a).

---

[2] In Mr. Nguyen's proposed order submitted to the Court, he contends that he does not seek release, but rather seeks to remain in custody pending appeal so that he may receive a decision on the merits of his previously filed appeal.

4

Thus, a federal district court may authorize the transfer of a habeas petitioner outside its territorial jurisdiction while the denial of the habeas petition is on appeal as long as it complies with Federal Rule of Appellate Procedure 23(a). *See Hammer v. Meachum*, 691 F.2d 958, 961 (10th Cir. 1982) (explaining that Rule 23(a) prohibits the transfer of custody of a petitioner pending review of a decision in a habeas corpus proceeding except by order of the court rendering the decision). Mr. Nguyen's "habeas corpus proceeding commenced" in this Court, and this Court "render[ed] the decision under review" before the Tenth Circuit. *See* Fed. R. App. P. 23(a). Thus, this Court "may authorize the transfer" of Mr. Nguyen. *See id.*

"The purpose of Rule 23(a) is to prevent officials from frustrating an inmate's efforts to obtain habeas relief by physically removing him from the territorial jurisdiction of the court in which the petition is pending." *Strachan v. Army Clemency & Parole Bd.*, 151 F.3d 1308, 1313 (10th Cir. 1998). Respondents' Motion does not suggest an intent to divest this Court of jurisdiction or to frustrate Nguyen's habeas review. Rather, it informs the Court that the Executive Branch is proceeding with Nguyen's removal, consistent with Respondents' sworn representations at the outset of this case. *See* Resp'ts 10/31/2025 Resp. in Opp'n at 10 [Doc. No. 14 at 10] ("the Deportation Officer assigned to [Nguyen's] case has expressed under penalty of perjury his belief that [Nguyen's] removal to Vietnam 'is significantly likely in the reasonably foreseeable future'"); *see also* McGettrick Decl. ¶¶ 7–9 [Doc. No. 14-1] (declaring under penalty of perjury as the assigned deportation officer that he's working on a travel document request for Nguyen

5

with the Vietnam government and expects his removal in the reasonably foreseeable future).

The Supreme Court recognized in *Zadvydas* that the Executive Branch possesses authority to detain noncitizens to effectuate their removal and emphasized the Executive Branch's superior expertise in immigration matters. 533 U.S. at 700–01. The Supreme Court observed that civil immigration detention serves in part to ensure the noncitizen's availability for removal and appearance at immigration proceedings. *Id.* at 690. Congress gave the Attorney General the ability to determine the appropriate place of detention to effectuate removal. *See* 8 U.S.C. § 1231(g)(1) ("The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal.").

Moreover, the Court does not lose jurisdiction by the transfer, and there is no custodial change that impacts the habeas proceeding, as those federal officials responsible for his detention are named. "It is well established that jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985); *Ex parte Endo*, 323 U.S. 283, 306 (1944).

Mr. Nguyen's assertion that Respondents must produce a flight manifest, travel document, or additional affidavit from a deportation officer is unpersuasive. The Court does not require further evidentiary submissions considering the record already before it and the representations made by government counsel as officers of the Court. Officer McGettrick, Nguyen's assigned deportation officer, has already declared, under penalty

6

of perjury, that Mr. Nguyen's removal is expected in the reasonably foreseeable future. [Doc. No. 14-1]. Respondents have since updated the Court that Mr. Nguyen has been placed on a mid-March flight manifest and must be transferred to a staging facility in Texas to effectuate removal. Respondents further state that, for operational security reasons, the precise dates and locations cannot be publicly disclosed beyond confirming that Mr. Nguyen is scheduled for removal in mid-March. The Court accepts these representations. As officers of the Court, government counsel is bound by the obligations of Federal Rule of Civil Procedure 11, which prohibit factual contentions lacking evidentiary support and authorize sanctions for violations. Under these circumstances, the Court finds no basis to require additional affidavits or documentation.

    Mr. Nguyen's arguments regarding regulatory violations and unclean hands miss the mark. The habeas petition was dismissed without prejudice as premature, yet Mr. Nguyen chose to pursue an appeal rather than refile. This Court is bound to follow controlling Supreme Court precedent, which held in *Zadvydas* that the detention of an alien subject to a final order of removal for up to six months is presumptively reasonable in view of the time required to accomplish removal. While Mr. Nguyen may disagree with the outcome, this Court is required to apply the Supreme Court's decision in *Zadvydas*. It is the Supreme Court's prerogative alone to overrule one of its cases.

    Mr. Nguyen's request that the Court certify the transfer issue to the Tenth Circuit is unnecessary because both this Court and the Tenth Circuit retain authority to address custody or transfer issues during appellate review under Rule 23(a). To the extent Mr. Nguyen seeks relief from the transfer, he may present that request to the Tenth Circuit,

who already has notice of this Motion and Mr. Nguyen's Response. *See Nguyen v. Bondi*, No. 26-6004 (10th Cir.) [Doc. Nos. 20, 21 therein].

Because the requested transfer will not divest this Court of jurisdiction or frustrate Mr. Nguyen's ability to pursue appellate review, authorization under Federal Rule of Appellate Procedure 23(a) is appropriate. Mr. Nguyen has been detained for 192 days as of today, and Respondents represent that he is ready to be transferred to a staging facility to effectuate his removal. This timing appears consistent with the periods of detention to effectuate removal recognized in *Zadvydas*.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Respondents' *Emergency Application for Authorization to Transfer Petitioner* [Doc. No. 28] under Federal Rule of Appellate Procedure 23(a). Accordingly, Respondents are authorized to transfer Mr. Nguyen to a custodial facility outside the territorial jurisdiction of this Court. Respondents shall ensure that the Court is promptly notified of Mr. Nguyen's new place of confinement following transfer.

IT IS SO ORDERED this 6th day of March 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE